Michael Glen DEVRIES, et al., Plaintiffs,

v.

FAIRFAX COUNTY SCHOOL BOARD, Defendant.

Civ. A. No. 87–425–A.

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 14, 1987.

**1220**

Alan Dockterman, William Holland, Holland & Dockterman, Alexandria, Va., for plaintiffs.

Thomas J. Cawley, Hunton & Williams, Fairfax, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

Plaintiffs brought suit in this court, pursuant to 20 U.S.C. § 1415(e)(2) (1982), based on an administrative hearing which upheld the placement of Michael Glen Devries in a special education program at the Leary School Incorporated during the 1985–1986 school year. Plaintiff Michael Devries has been identified as handicapped, with a primary handicapping condition of autism. Consequently, the Fairfax County Public Schools placed Michael in a special education program. Michael, a minor, and his mother, plaintiff Marjorie A. Deblaay, preferring that Michael be educated in his neighborhood public school with nonhandicapped children, objected to Michael's placement in the special education program. As provided for in the Education of the Handicapped Act (EHA), 20 U.S.C. § 1401, *et seq.* (1982), plaintiffs challenged the placement of Michael in the Leary School program through the appropriate state administrative proceedings. The local hearing officer and the state appeals reviewing officer affirmed the Fairfax County Public Schools' placement of Michael in the Leary School. Dissatisfied by these state administrative decisions, plaintiffs brought this suit. Michael remained in the Leary School for the 1986–87 school year, but after review by the Fairfax County Public Schools, Michael was transferred from the Leary School to the South County special education program for the 1987–88 school year. Michael's mother received notice of this transfer in August 1987 and his placement in the South County program was effective as of September 1987.

In civil actions brought in the federal district court pursuant to 20 U.S.C. § 1415(e)(2), the court shall receive the records of the administrative proceedings, and any additional evidence presented at the request of a party, and it shall make its decision based on the preponderance of the evidence. 20 U.S.C. § 1415(e)(2); *see also Board of Education of The Hendrick Hudson Central School District, et al. v. Rowley,* 458 U.S. 176, 205, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982); *Prince William County School Board v. Malone,* 762 F.2d 1210, 1218 (4th Cir.1985). The administrative proceedings in this case involved the determination of whether it was more appropriate to place Michael in the Leary School or in the regular program for non-handicapped students at Annandale High School. The plaintiff did not seek administrative review of the school board decision to place Michael in the South County program. There have been no administrative hearings concerning whether Michael's placement in the South County program, as compared to the regular school program, would be appropriate. As a result, there is no administrative record concerning this issue which this court could consider. The plaintiff, however, seeks to have the court determine this issue without following the prescribed administrative procedures.

The EHA clearly requires that state administrative hearings be held concerning the placement of a handicapped child before an action may be brought in the federal district court on that issue. 20 U.S.C. § 1415. To date, there has been no administrative hearing held to evaluate Michael's current educational placement. Had an administrative review taken place, this issue may never have come before the court. Obviously the school board felt that some change from the Leary program was need-

ed for Michael. Had a review taken place, with a consideration of the evidence and alternatives, a favorable decision may well have resulted for the plaintiff.

While the procedural requirement of having an administrative hearing prior to the commencement of an action in federal court may delay the ultimate resolution of a case, Congress created that system in order to guarantee the participation of parents and school systems in the placement process. In *Rowley,* the Supreme Court discussed the importance of adherence to the procedural requirements established in 20 U.S.C. § 1415. The Court stated:

> [We] think the fact that ... § 1415 ... is entitled "Procedural safeguards," is not without significance. When the elaborate and highly specific procedural safeguards embodied in § 1415 are contrasted with the general and somewhat imprecise substantive admonitions contained in the Act, we think that the importance Congress attached to these procedural safeguards cannot be gainsaid. It seems to us no exaggeration to say that Congress placed every bit as much emphasis upon compliance with procedures giving parents and guardians a large measure of participation at every stage of the administrative process, see, *e.g.,* §§ 1415(a)–(d), as it did upon the measurement of the resulting IEP [individualized educational program] against a substantive standard. We think that the congressional emphasis upon full participation of concerned parties throughout the development of the IEP, ... demonstrates the legislative conviction that adequate compliance with the procedures prescribed would in most cases assure much if not all of what Congress wished in the way of substantive content in an IEP.

458 U.S. at 205–06, 102 S.Ct. at 3050.

The importance of requiring the administrative process is clear. The statute is designed to require the participation of the parents and the school system in resolving any possible problems associated with the proper placement of a child. The Supreme Court has affirmed the importance of this process. Parents and school officials should resolve these problems, if possible, and not the courts. As adherence to the administrative process insures the involvement necessary to resolve these problems, that process must be followed.

Plaintiff complains that to go through the administrative process will consume additional time while the school's decision remains in effect. Nonetheless, plaintiffs were aware of Michael's transfer to the South County program as early as August 1987. They had the opportunity to seek administrative review of his educational placement at that time and little delay, if any, would have resulted, had the review not been in the plaintiff's favor.

There has been no administrative hearing to determine whether the placement and education of Michael in the South County program as opposed to the regular school program is appropriate. The procedural scheme established in 20 U.S.C. § 1415 makes such a hearing a prerequisite to bringing this action in this court. On that basis, this suit should be dismissed.

An appropriate order shall issue.